<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BRIAN COLBRY, et al., | Civil Action No. 17-003 (BRM) |
| Petitioners, | |
| v. | **OPINION** |
| LISA VON PIER, et al., | |
| Respondents. | |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is the petition for a writ of habeas corpus (the "Petition") of Petitioners Brian and Stephanie Colbry ("Petitioners") on behalf and as "next friends" of A.L., a minor child related to both Petitioners, brought pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, this Court is required to screen the petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." 28 U.S.C. § 2254 Rule 4. For the reasons set forth below, Petitioners' habeas Petition is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction, and Petitioners' application for emergent relief is **DENIED WITHOUT PREJUDICE AS MOOT**.

I.  **BACKGROUND**

This habeas Petition focuses on the current custody situation of A.L., a minor child currently in the care and custody of the New Jersey Division of Child Protection & Permanency (the "Division") in a foster home. (ECF No. 1 at ¶ 1-41.) Petitioners are A.L.'s biological grandfather and aunt, respectively. (*Id.* at ¶ 1-2.) According to the Petition, as of June 13, 2016, the Division obtained legal custody of A.L. via a proceeding instituted in the Superior Court of

1

New Jersey, Hunterdon County, Family Part, brought pursuant to N.J. Stat. Ann. § 30:4C-12 *et seq*. Petitioners provide little information about the nature of that proceeding, other than it resulted in the Division taking legal custody over A.L. Prior to June 2016, A.L. and his three siblings had apparently been in the physical custody and care of Petitioner Brian Colbry. (*Id.* at ¶ 16-18.) On June 13, 2016, however, the Family Part Judge assigned to A.L.'s case ordered that A.L. be removed from the care and custody of Brian Colbry. (*Id.* at ¶ 20-28.)

The following day, the Division met Brian Colbry and the children at a dentist appointment and took all four children into its custody. (*Id.* at ¶ 28-31.) Although A.L.'s siblings were all eventually returned to the custody of their mother, A.L. remained in the custody of the Division. (*Id.* at ¶ 32-33.) A.L. was, according to the Petition, first placed in a youth shelter with other children between 13 and 21 years of age, and has since been moved to several different foster homes. (*Id.* at ¶ 39-41.) Petitioners contend, since his placement into the Division's custody and care, A.L. has suffered mental harm and has had to undergo mental health treatment arising out of his separation from family and friends. (*Id.* at ¶ 37-42.) Although Petitioners allege A.L. is subject to "a significant restraint on [his] liberty not shared by the public generally," Petitioners do not explain what this restraint is other than his separation from his family and friends as a result of A.L.'s having been moved into foster care. (*Id.* at ¶ 63-64.)

Brian Colbry thereafter sought to have visitation rights with A.L. restored. (*Id.* at ¶ 34-36.) The Family Part judge denied that request, and Brian Colbry filed a pending appeal. (*Id.*) Petitioners contend Brian Colbry has not been in communication with A.L. since A.L.'s removal from his care, whereas Stephanie Colbry has been able to communicate with A.L. since being in the Division's custody. (*Id.* at ¶ 38-39.) Petitioners assert that A.L.'s being taken into custody was done in violation of A.L.'s constitutional rights and now seek to use 28 U.S.C. § 2254 to challenge

2

A.L.'s continued presence in the Division's custody. (*Id.* at ¶ 63-68.) Petitioners further assert that A.L. is being denied counsel of his choice, and thus assert that they bring this Petition on his behalf as "next friends" of A.L. (*Id.*) Although Petitioners have filed a habeas petition in this matter, they seek not only A.L.'s release into his family's custody, but also various forms of monetary damages.[1] (*Id.* at 69-80.)

## II. LEGAL STANDARD

Under 28 U.S.C. § 2254(a), the district court "shall entertain an application for a writ of habeas corpus [o]n behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Where a claim has been adjudicated on the merits by the state courts, the district court shall not grant an application for a writ of habeas corpus unless the state court adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). "[C]learly established federal law . . . includes only the holdings, as opposed to the dicta" of United States Supreme Court decisions. *See Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015).

---

[1] Although the Court need not reach the issue because the Court lacks jurisdiction over this matter for the reasons expressed below, a petition for a writ of habeas corpus is "not an appropriate or available federal remedy" for those seeking monetary damages. *See, e.g., Preiser v. Rodriguez*, 411 U.S. 475, 493-94 (1973). A claim for damages based on a deprivation of constitutional rights would instead need to be made via a civil rights action brought pursuant to 42 U.S.C. § 1983 or other similar mechanism. Petitioners state no intention to raise such a claim, and this Court does not construe the petition as raising any claim under § 1983. Thus, Petitioners' claims for damages would be subject to dismissal even if this Court did have jurisdiction over their habeas claims.

Under this statute, as amended by the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244 ("AEDPA"), district courts are required to give great deference to the determinations of the state trial and appellate courts. *Renico v. Lett*, 559 U.S. 766, 772-73 (2010); *Eley v. Erickson*, 712 F.3d 837, 845 (3d Cir. 2013). A habeas petitioner has the burden rebutting the presumption of correctness provided to the State courts by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Eley*, 712 F.3d at 846; *see also Parker v. Matthews*, 567 U.S. 37, ---, 132 S. Ct. 2148, 2151 (2012). Specifically, "a determination of a factual issue made by a State court shall be presumed to be correct [and the] applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Rule 4 of the Rules Governing Section 2254 Cases instructs this Court to preliminarily review a petitioner's habeas petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." 28 U.S.C. § 2254 Rule 4. Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

### III. DECISION

In their Petition, Petitioners challenge A.L.'s "custody" on his behalf as "next friends" of A.L. Generally, a person cannot bring a habeas petition on behalf of another. *See, e.g., Jenicek v. Sorenson Ranch School, Utah*, No. 14-4422, 2014 WL 7332039, at *2 (D.N.J. Dec. 16, 2014). A custodial parent has standing to bring a habeas petition on behalf of his minor children. *Id.* However, under the "next friend" doctrine established in *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990), some courts have held that a close relative other than a custodial parent may, under certain circumstances, bring a "next friend" petition on a minor child's behalf. *Jenicek*, 2014 WL 7332039 at *2; *see also Amerson v. State of Iowa, Dep't of Human Servs*, 59 F.3d 92, 93 n.3 (8th

4

Cir. 1995); *Carner v. Davis*, 988 F. Supp. 2d 33, 36 (D.D.C. 2013). These courts have held that, to establish "next friend" status, the party acting as such "must show 'why [the] real party in interest cannot prosecute [the] habeas petition, that [the] next friend is truly dedicated to [the] best interests of [the] person on whose behalf she litigates, and that she has some special relationship with [the] real party in interest." *Jenicek*, 2014 WL 7332039 at *2 (quoting *Amerson*, 59 F.3d at 93 n.3). It is unclear whether a grandparental or aunt relationship is sufficient to warrant "next friend" status, but, even assuming it is sufficient,

> [j]urisdiction over a habeas petition brought by a next friend exists only if the litigation actually involves the concerns of the real party in interest and not simply the grievances of the next friend. Particularly when a habeas petition is brought by a parent seeking the release of a child . . . , the action may really involve an assertion of the parent's rights, not the liberty interests of the child.

*Amerson*, 59 F.3d at 93; *see also Lehman v. Lycomng Cnty. Children's Servs. Agency*, 458 U.S. 502, 509-12 (1982). Although Petitioners assert they seek A.L.'s release from a situation they contend is causing him mental anguish in violation of the constitution, the primary concerns which give rise to this Petition come from Brian Colbry's dissatisfaction with the termination of his custody of A.L. rather than claims on behalf of A.L. Thus, it is not clear that next friend jurisdiction would exist in this matter. *Amerson*, 59 F.3d at 93.

Moreover, the Court lacks jurisdiction because Petitioners are not in custody of A.L. for the purpose of 28 U.S.C. § 2254. This Court has jurisdiction to hear a petition under § 2254 only for those individuals who are "in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Although the definition of "custody" for § 2254 has been expanded beyond mere criminal detention to include those under parole supervision or subject to certain classes of collateral consequences, this "in custody" requirement is only met where the individual in question

is "subject both to significant restraints on liberty . . . which were not shared by the public generally, along with some type of continuing governmental supervision." *Obado v. New Jersey*, 328 F.3d 716, 717 (3d Cir. 2003).

Petitioners contend that A.L. was first placed into a "youth shelter," but that he has since been moved into a variety of foster homes. (ECF No. 1 at ¶ 39-41.) The Supreme Court, however, has held that a child's being placed into foster care does not involve sufficient restraints on the child's liberty to qualify as being "in custody" for the purposes of habeas jurisdiction. *See Lehman*, 458 U.S. at 509-15. The Supreme Court explained:

> Although the language of § 2254(a), especially in light of § 2241, suggests that habeas corpus is available only to challenge the convictions of prisoners actually in the physical custody of the State, three modern cases have extended it to other situations involving challenges to state-court decisions. The first of these cases is *Jones v. Cunningham*, 371 U.S. 236[] (1963), in which the Court allowed a parolee to challenge his conviction by a habeas petition. The Court considered the parolee in "custody" for purposes of § 2254(b) because "the custody and control of the Parole Board involve significant restraints on petitioner's liberty ... which are in addition to those imposed by the State upon the public generally." 371 U.S., at 242[.] And in *Carafas v. LaVallee*, 391 U.S. 234[] (1968), the Court allowed the writ in a challenge to a state-court judgment even though the prisoner, incarcerated at the time the writ was filed, had finished serving his sentence during the proceedings. The custody requirement had, of course, been met at the time the writ was filed, and the case was not moot because Carafas was subject to "'collateral consequences'" as a result of his conviction, [*id.* at 237], and "is suffering, and will continue to suffer, serious disabilities ...." *Id.* [at 239]. Most recently, in *Hensley v. Municipal Court*, 411 U.S. 345[] (1973), the Court allowed the writ to be used to challenge a state-court conviction even though the defendant had been released on his own recognizance after sentencing but prior to the commencement of his incarceration. The Court held that the defendant was in the custody of the State for purposes of § 2254(b) because he was "subject to restraints 'not shared by the public generally,'" 411 U.S. at 351 [(citation omitted),] indeed, his arrest was imminent.

Thus, although the scope of the writ of habeas corpus has been extended beyond that which the most literal reading of the statute might require, the Court has never considered it a generally available federal remedy for every violation of federal rights. Instead, past decisions have limited the writ's availability to challenges to state-court judgments in situations where-as a result of a state-court criminal conviction-a petitioner has suffered substantial restraints not shared by the public generally. In addition, in each of these cases the Court considered whether the habeas petitioner was "in custody" within the meaning of § 2254.

[The petitioner] argues that her sons are involuntarily in the custody of the State for purposes of § 2254 because they are in foster homes pursuant to an order issued by a state court. Her sons, of course, are not prisoners. Nor do they suffer any restrictions imposed by a state criminal justice system. These factors alone distinguish this case from all other cases in which this Court has sustained habeas challenges to state-court judgments. Moreover, although the children have been placed in foster homes pursuant to an order of a Pennsylvania court, they are not in the "custody" of the State in the sense in which that term has been used by this Court in determining the availability of the writ of habeas corpus. They are in the "custody" of their foster parents in essentially the same way, and to the same extent, other children are in the custody of their natural or adoptive parents. Their situation in this respect differs little from the situation of other children in the public generally; they suffer no unusual restraints not imposed on other children. They certainly suffer no restraint on liberty as that term is used in *Hensley* and *Jones*, and they suffer no "collateral consequences" -like those in *Carafas*- sufficient to outweigh the need for finality. The "custody" of foster or adoptive parents over a child is not the type of custody that traditionally has been challenged through federal habeas. [The petitioner] simply seeks to relitigate, through federal habeas, not any liberty interest of her sons, but the interest in her own parental rights.

Although a federal habeas corpus statute has existed ever since 1867, federal habeas has never been available to challenge parental rights or child custody. Indeed, in two cases, the Court refused to allow the writ in such instances. *Matters v. Ryan*, 249 U.S. 375[] (1919); *In re Burrus*, 136 U.S. 586[] (1890). These decisions rest on the absence of a federal question, but the opinions suggest that federal habeas corpus is not available to challenge child custody. Moreover, federal courts consistently have shown special solicitude for state interests "in the field of family and family-property arrangements." *United States v. Yazell*, 382 U.S. 341, 352[]

> (1966). Under these circumstances, extending the federal writ to challenges to state child-custody decisions-challenges based on alleged constitutional defects collateral to the actual custody decision-would be an unprecedented expansion of the jurisdiction of the lower federal courts.

*Lehman*, 458 U.S. at 509-12 (footnotes omitted). The Supreme Court has ruled neither the termination of parental rights nor the taking of one's children into state custody via a foster home is sufficient to meet the custody requirement of § 2254, and habeas corpus jurisdiction does not exist to challenge judgments causing those events as a result. *Id.* at 515-16. In so holding, however, the Court did leave open the question of whether "a child confined in a state institution rather than being at liberty in the custody of a foster parent pursuant to a court order" is "in custody." *Id.* at 511 n.12. While the Supreme Court has not addressed that question since *Lehman*, other courts have held that the determination of whether an individual is "in custody" should not "turn on [the Division's] determination that [the child] would be better able to receive the type of educational and psychological services he needed in the structured settings of institutions, rather than in a private foster home, . . . [but rather on whether the child has been] incarcerated [or had] penal restrictions [imposed] upon him." *Amerson*, 59 F.3d at 95.

In this matter, Petitioners assert a single basis for finding A.L. to be "in custody" – that he has been removed from the care of his grandfather and placed into the care of the Division, first in a "youth shelter" and then in a variety of "stranger" foster homes. Although Petitioners assert that such placements impose upon A.L.'s liberty, Petitioners fail to assert how A.L.'s liberty has been restrained in a manner beyond the way in which children are normally restrained by their parents and caretakers, *see Lehman*, 458 U.S. at 510-11 (noting that children in foster care differ "little from the situation of other children in the public generally, they suffer no unusual restraints not imposed on other children"). Given this failure to indicate how A.L.'s current foster home situation

8

is more restrictive than the normal foster home situation, nor how A.L. is otherwise restrained in a manner beyond that applicable to children in the care of a parent generally, Petitioners have failed to adequately show that A.L. is "in custody" for the purposes of habeas jurisdiction in light of the concerns expressed in *Lehman*. As such, A.L. is not "in custody" for habeas purposes, and therefore, this Court lacks jurisdiction over the Petition. *See id.* at 509-15; *see also* 28 U.S.C. § 2254(a). Petitioners' habeas Petition is dismissed without prejudice for lack of jurisdiction.

## IV. CONCLUSION

For the reasons stated above, Petitioners' habeas Petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**, and Petitioners' application for emergent relief is **DENIED WITHOUT PREJUDICE AS MOOT**. An appropriate order will follow.

Date: February 16, 2017    */s/Brian R. Martinotti*
                           **HON. BRIAN R. MARTINOTTI**
                           **UNITED STATES DISTRICT JUDGE**