NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRIAN COLBRY, et al., | Civil Action No. 17-003-BRM |
| Petitioners, | |
| v. | **MEMORANDUM OPINION** |
| LISA VON PIER, et al., | |
| Respondents. | |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is the Third Circuit's order remanding Petitioners Brian and Stephanie Colbry's ("Petitioners") appeal of the dismissal of their habeas petition (the "Petition")—brought on behalf of A.L., a minor child related to both Petitioners—for lack of jurisdiction for the purpose of determining whether a certificate of appealability should issue. (ECF No. 24.) For the reasons set forth below, a certificate of appealability is **DENIED**.

In a habeas proceeding, a certificate of appealability may only be issued "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Additionally:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right

1

and that jurists of reason would find it debatable whether the district
court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

As explained in both this Court's opinion dismissing the Petition (ECF No. 4) and the

opinion denying Petitioners' motion for reconsideration (ECF No. 19), this Court lacks jurisdiction

over the Petition insomuch as A.L. was not "in custody" at the time Petitioners' filed their Petition.

*See Lehman v. Lycoming Cty. Children's Servs. Agency,* 458 U.S. 502, 508-12 (1982); *Amerson v.*

*State of Iowa, Dep't of Human Servs.*, 59 F.3d 92, 94 (8th Cir. 1995); *see also Maleng v. Cook*,

490 U.S. 488, 490-91 (1989); *Obado v. New Jersey*, 328 F.3d 716, 717 (3d Cir. 2003); *Young v.*

*Vaughn*, 83 F.3d 72, 73 (3d Cir. 1996). Because jurists of reason would not dispute this Court was

correct in finding a lack of jurisdiction over the Petition as A.L. was not "in custody" at the time

it was filed, the Petition does not deserve encouragement to proceed further. A certificate of

appealability is therefore **DENIED**. An appropriate order will follow.


Date:   November 17, 2017                          */s/  Brian R. Martinotti*_____
                                                   **HON. BRIAN R. MARTINOTTI**
                                                   **UNITED STATES DISTRICT JUDGE**